Filed 12/7/15  P. v. West CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063806 |
| v. | (Super.Ct.No. FVI019995) |
| MARQUISE DESEAN WEST, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Marquise West was sentenced to 12 years in prison after pleading guilty to second degree robbery with a firearm enhancement.  He appeals from the superior court's order denying his petition to have his conviction re-designated a misdemeanor under Proposition 47.  We affirm the court's ruling.

1

# FACTS AND PROCEDURE

On September 29, 2004, defendant used force and fear to take personal property from the victim; from the charging documents, it appears this took place during the armed robbery of a pawn shop.

On January 12, 2005, the People filed a six-felony information charging defendant with second-degree commercial burglary (Pen. Code, § 459),[1] three counts of second-degree robbery (§ 211), and two counts of assault with a firearm (§ 245, subd. (a)(2)). The People also alleged that defendant personally used a firearm (§ 12022.53, subd. (b)), and that the last five counts were serious/violent felonies (§§ 1192.7, subd. (c), 667.5, subd. (b)).

On July 22, 2005, defendant pled guilty to a single count of second degree robbery and admitted to personally using a firearm. The remaining charges were dismissed as part of the plea agreement. Also on that date the court sentenced defendant to the lower term of two years for the robbery, plus ten years consecutive for the firearm enhancement.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were

---

[1] All section references are to the Penal Code unless otherwise indicated.

felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On April 1, 2015, defendant filed a petition under section 1170.18 asking that his sentence be recalled and reduced to a misdemeanor.

On April 22, 2015, the People filed a response opposing the petition on the grounds that robbery is not eligible for re-classification under Proposition 47 as a matter of law. Also on that date, the court denied petition on the grounds put forth by the People.

This appeal followed.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a summary of the facts, and asking this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The order denying defendant's Proposition 47 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.